The opinion of the coicrt ivas delivered by

Mr. Justice Richardson.

The only question necessary to be considered is, whether the letter written by Smith after the commencement of the action, is competent testimony, to shew a title to the negro in the defendant. In order to decide this question, it is first to be observed that the plaintiff had deduced no title from Smith; he and Smith were therefore strangers, and it followed of course, that any evidence given by Smith must be upon oath or adduced in open court, like the evidence of other witnesses. ~
Butin answer to this view, it may be urged that the letter of Smith maybe considered a bill of sale and merely evidence of a transfer of his property in the negro to the defendant, and assuredly, it would be legal testimony against Smith for that purpose.
'O’Neal, and Johnson, for motion.
Lausiicit, and Dunlap, contra.
But as against a stranger, it can be no more than an ex-porte declaration made by Smith of what he had done; and viewing him as a witness, he ought to be sworn in open court. Even as a deed of confirmation, being made subsequent to the commencement of the action, it could not prove a title in the defendant at the time of the trespass committed. But I can perceive in the letter nothing more than a piece of exparte evidence, calculated to support the defendants title; to do which Smith was interested, and he might as well have been brought into open court to sign certificates, as the exigencies of the dcr fence should require successive expedients.
The case appears to me to come within the principle established by the case of Martin, vs. Lightner, 2 M'Cord, 214, that the declarations of the payee of a note, which he liad transferred, were inadmissable. The motion is therefore granted*
Johnson, Colcock, and Mott, Justices, concurred.